UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-cr-31 (NEB/JFD)

| | |
|---|---|
| UNITED STATES OF AMERICA, | **PLEA AGREEMENT AND SENTENCING STIPULATIONS** |
| Plaintiff, | |
| v. | **(Fast-Track U.S.S.G. § 5K3.1)** |
| JOSE LEYVER LOPEZ-HERNANDEZ, | |
| Defendant. | |

The United States of America and the defendant, Jose Leyver Lopez-Hernandez (the "defendant"), agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.  **Charges.** The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with Reentry of Removed Alien, in violation of 8 U.S.C. § 1326(b)(a). The defendant fully understands the nature and elements of the crime with which he has been charged.

2.  **Factual Basis.** The defendant is pleading guilty because he is in fact guilty of Count 1 of the Indictment. In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a

1

reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

a. The defendant is a citizen of Mexico. The defendant has no lawful immigration status in the United States.

b. The defendant was removed from the United States as an undocumented alien on or about May 13, 2019.

c. Following his removal to Mexico, the defendant knowingly, voluntarily, and unlawfully returned to the United States. On January 18, 2025, he was arrested in connection with a traffic violation in Columbia Heights, Minnesota.

d. The defendant did not obtain the consent of the Attorney General or his successor, the Security of Homeland Security, or any other designated and authorized representative, to re-apply for admission to the United States.

3. **Waiver of Pretrial Motions.** The defendant understands and agrees that he has certain rights to file pre-trial motions. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file any pre-trial motions in this case.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the

United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences**. The defendant understands that as a result of this conviction, the defendant could experience additional collateral consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office. If the defendant is not a United States citizen, as a result of a plea of guilty, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant has discussed with his attorney the punishments and consequences of pleading guilty, understands that not all of the

consequences can be predicted or foreseen, and still wants to plead guilty in this case.

6. **Immigration Consequences.** The defendant understands that pleading guilty may have consequences with respect to the defendant's immigration status, including removal or deportation. The defendant understands that no one, including the defendant's counsel, the Assistant United States Attorney, or the District Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. Regardless of any immigration consequences that may follow from a guilty plea, even automatic removal or deportation from the United States, the defendant still wishes to plead guilty as set forth in this agreement.

7. **Statutory Penalties**. The defendant understands that Count 1 of the Indictment, charging him with Reentry of Removed Alien, in violation of 8 U.S.C. § 1326(a), is a felony offense that carries the following statutory penalties:

    a. a maximum of 2 years in prison;

    b. a supervised release term of up to 3 years;

    c. a maximum fine of $250,000; and

    d. a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A).

8. **Guidelines Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence. The parties stipulate to the following guidelines calculations:

  a. <u>Base Offense Level</u>. The parties agree that pursuant to U.S.S.G. § 2L1.2(a), the base offense level for the violation noted in Count 1 of the Indictment is **8**.

  b. <u>Specific Offense Characteristics</u>. The parties agree that no other Chapter Two enhancements apply.

  c. <u>Chapter 3 Adjustments</u>. The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

  d. <u>Early Disposition</u>. Provided the defendant abides by the terms of this Agreement, including, but not limited to, the waivers set forth in Paragraph 12, and continues to meet the requirements of this District's Illegal Reentry Fast-Track Program, the Government agrees to move for a downward departure from the adjusted base offense level at the time of sentencing. U.S.S.G. § 5K3.1. Based on court records, criminal history, investigative reports and other relevant records, the parties believe that a **4-level** reduction in the defendant's adjusted offense level serves the interests of public safety. This does not constitute a stipulation, but a belief based on an assessment of currently known information. The defendant's status pursuant to the District's Illegal Reentry Fast-Track Program will be determined based on the information presented in the Presentence Report.

5

e. <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a **2-level** reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an adjustment for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility.

f. <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category **II**. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

g. <u>Guidelines Range</u>. The following high and low guidelines ranges result:

(i) If the adjusted offense level is **6,** and the criminal history category is **II**, the applicable guidelines range is **1 to 7 months imprisonment**.

(ii) If eligible for the Fast Track program, outlined above, the adjusted offense level is **2,** and the criminal history category is **II**, the applicable guidelines range is **0 to 6 months imprisonment**.

h. <u>Fine Range</u>. If the adjusted offense level is **6**, the Sentencing Guidelines fine range is $1,000 – $9,500. U.S.S.G.

     § 5E1.2(c). If the adjusted offense level is **2**, the Sentencing Guidelines fine range is $200 – $9,500. U.S.S.G. § 5E1.2(c).

    i. <u>Supervised Release</u>. The Sentencing Guidelines provide that a Court ordinarily should not impose a term of supervised release in a case in which it is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment. U.S.S.G. § 5D1.1(c). If the Court imposes a term of supervised release, the Guidelines recommend a supervised release term of at least one year but not more than three years. U.S.S.G. § 5D1.2(a)(2).

  9. **Revocation of Supervised Release**. The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

  10. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also vary and/or depart from the

7

applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

11. **Agreements as to Sentencing Recommendation.** If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

12. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The defendant agrees to pay the special assessment.

13. **Required Waivers for Early (Fast-Track) Disposition.** In exchange for the United States' motion pursuant to U.S.S.G. § 5K3.1, the defendant agrees to the following waivers:

   a. <u>Waiver of Appeal</u>. The defendant understands that 18 U.S.C. § 3742 affords him the right to appeal the sentence imposed in this case. Acknowledging this right, the defendant hereby waives all defenses and his right to appeal any and all non-jurisdictional issues related to his conviction or sentence.

   b. <u>Waiver of Collateral Attack</u>. The defendant expressly waives the right to petition under 28 U.S.C. § 2255, except with regards

to a petition raising the sole issue of ineffective assistance of counsel. The defendant understands his rights to petition under 18 U.S.C. § 2255, and he knowingly, willingly, and voluntarily waives these rights.

c. **Waiver of Right to Argue for Further Variance or Departure.** Other than the Government's agreement to move for a 4-level fast-track reduction pursuant to U.S.S.G. § 5K3.1, the parties will not seek any further adjustments, variances, reductions, or departures, including reductions under 18 U.S.C. § 3553. The parties agree to seek a sentence within the correctly calculated guidelines range, which they anticipate will be 0 to 6 months of imprisonment.

14. **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement within two weeks of the entry of his guilty

9

plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate the defendant's ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

15.   **Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a)(1) and (2), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of Count 1 of the Indictment and any property used, or intended to be used, in any manner or part to commit or to facilitate the commission of that offense. The United States reserves its right to seek a money judgment forfeiture, to forfeit substitute assets, and to forfeit additional directly forfeitable property.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal, or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and waives any right to contest or challenge (including direct appeal, habeas corpus, or any other

means) such forfeiture on any grounds. To the extent the defendant has sought remission or otherwise challenged the forfeiture of the above-described property, he withdraws any such challenges. The defendant agrees not to assist any third party with challenging the forfeiture of any of the property described above.

16. **Waivers of Appeal and Collateral Attack**. The parties hereby incorporate by reference the agreements embodied in paragraph 13, herein.

17. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

18. **Complete Agreement.** This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant. By signing this plea agreement, the defendant acknowledges: (a) that the defendant has read the entire agreement and has reviewed every part of it with the defendant's counsel; (b) that the defendant fully understands this plea agreement; (c) that no promises, agreements, understandings, or conditions have been made or entered into in connection with his decision to plead guilty, except those set forth in this plea agreement; (d) that the defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea

11

agreement and matters related to it; (e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the defendant's own free will.

LISA D. KIRKPATRICK
Acting United States Attorney

Date: 3/14/25

FOR BY: Carla J. Baumel
Assistant United States Attorney

Date: 3/14/25

Jose Leyver Lopez-Hernandez
Defendant

Date: 3/14/25

Matthew Deates
Counsel for Defendant